In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 22-1277

A.B. and D.B., individually and as parents of C.B.,
a disabled minor,

*Plaintiffs-Appellants,*

*v.*

BROWNSBURG COMMUNITY SCHOOL CORPORATION,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-02487-JMS-MJD — **Jane Magnus-Stinson**, *Judge.*

---

ARGUED SEPTEMBER 29, 2022 — DECIDED SEPTEMBER 5, 2023

---

Before SYKES, *Chief Judge*, and ROVNER and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. When a protracted administrative proceeding concerning their child's eligibility for special education services came to an end, parents A.B. and D.B. filed this lawsuit seeking recovery of their attorney's fees from their opponent, the Brownsburg Community School Corporation. The district court concluded that it did not have

the discretion to award the parents attorney's fees under the Individuals with Disabilities Education Act because, although the parents received a favorable outcome, they were not the "prevailing party" as defined by the Supreme Court. We disagree and therefore reverse and remand for further consideration.

I

A.B. and D.B. are the parents of C.B., a minor who suffers from generalized anxiety disorder, depression, and attention deficit hyperactivity disorder. C.B.'s school district was the Brownsburg Community School Corporation in Brownsburg, Indiana.

## A. C.B.'s Expulsion and Parents' Petition for Due Process Hearing

During the 2017-2018 school year, Brownsburg determined that C.B.'s anxiety made him eligible to receive accommodations under Section 504 of the Rehabilitation Act. Accordingly, Brownsburg developed an Accommodation Plan to assist C.B. with handling his anxiety in a school environment.

In September 2019, while the Accommodation Plan was still intact, C.B. brought a shotgun shell to school along with a device believed capable of discharging the shell. Because of this incident, Brownsburg recommended C.B.'s expulsion and scheduled a "Manifestation Determination Conference" to assess whether C.B.'s actions were caused by or substantially related to his anxiety. In October 2019, before the Manifestation Determination Conference, C.B.'s parents filed a Petition for Due Process Hearing with the Indiana Department of Education. C.B.'s parents argued that Brownsburg should

have arranged an education evaluation for C.B. because it would have shown that C.B. was also eligible for special services pursuant to the Individuals with Disabilities Education Act ("IDEA"). A few days after the parents filed their petition, the Manifestation Determination Conference took place, and Brownsburg concluded that the shotgun shell incident was ultimately not related to C.B.'s anxiety. Consequently, Brownsburg expelled C.B. for the remainder of the school year.

Near the end of October, C.B.'s parents met with Brownsburg to resolve the issues presented in the parents' Petition for Due Process Hearing. Brownsburg agreed to have a doctor evaluate C.B. and then convene a Case Conference Committee meeting to review the evaluation and determine whether C.B. was indeed eligible for special services under the IDEA—namely, implementation of an Individualized Education Program ("IEP").

In November 2019, C.B.'s parents filed a Request for Due Process Hearing with the Indiana Department of Education. The request incorporated by reference the allegations in the Petition for Due Process Hearing filed in October 2019, and it also addressed actions taken by Brownsburg, including C.B.'s expulsion, since the filing of the initial petition.

After C.B.'s evaluation, the Case Conference Committee met to consider the results of the evaluation, ultimately concluding that C.B. did not meet the eligibility requirements for special education services under the IDEA. But the Committee did determine that the Accommodation Plan developed pursuant to Section 504 of the Rehabilitation Act needed to be amended to include and accommodate C.B.'s diagnosis of ADHD. By early December 2019, Brownsburg updated C.B.'s

Accommodation Plan and allowed C.B. to return to school for the spring semester.

In the meantime, the Indiana Department of Education assigned an Independent Hearing Officer ("IHO") to preside over the pending Petition for Due Process Hearing and the subsequently filed Request for Due Process Hearing (collectively, the "petitions"). The IHO scheduled a joint hearing on the petitions for July 20, 2020.

**B. Settlement Negotiations**

In the months leading up to the Due Process Hearing, the parties engaged in extensive settlement negotiations over the pending petitions. By April 2020, Brownsburg had offered to pay for a new independent education evaluation of C.B. and, subsequently, hold another Case Conference Committee meeting to revisit the issue of C.B.'s eligibility for an IEP under the IDEA. C.B.'s parents also provided a list of compromises they were willing to agree to so long as Brownsburg agreed to pay for all attorney's fees.

On July 8, 2020, Brownsburg sent C.B.'s parents a letter offering to accept each compromise identified by the parents in April 2020 except for the issue of attorney's fees—Brownsburg was willing to pay a portion of the fees, but not the full amount. The correspondence emphasized Brownsburg's desire to avoid a Due Process Hearing. Two days later, C.B.'s parents rejected Brownsburg's offer and reinstated their initial demands, including that Brownsburg (1) immediately classify C.B. as eligible for special education services, (2) develop an IEP for C.B., and (3) cover the full amount of attorney's fees.

### C. Filings with the Independent Hearing Officer

On July 13, 2020, Brownsburg sent C.B.'s parents a draft Settlement Agreement, offering to acquiesce to all demands except for the issue of attorney's fees. That same day, Brownsburg filed a motion asking the IHO to cancel the upcoming due process hearing and dismiss the case. Brownsburg reasoned a hearing was no longer necessary in light of its accompanying "Stipulation to Due Process Hearing Request Remedies," in which it purported to stipulate that (1) C.B. was indeed eligible for special services under the IDEA and therefore entitled to all education-related relief requests by C.B.'s parents, and (2) Brownsburg would provide the relief. Brownsburg did not stipulate, however, to paying all the parents' attorney's fees. Further, it emphasized the following:

> [Brownsburg] points out that these stipulations were made in an extreme effort to resolve this case short of an administrative hearing. Although [Brownsburg] does not agree, they are willing to offer these stipulations to be ordered and resolve the case.

> [Brownsburg] stipulates that [C.B.] is entitled to, and [Brownsburg] has provided, all remedies requested by [C.B.'s parents] in [their] Due Process Hearing Request Proposal for Relief . . . and clarified by [C.B.'s parents] on April 24, 2020 and July 9, 2020.

Admin. R. at HR 035 2020 AR 0383, ECF No. 24-2.

C.B.'s parents filed their response to Brownsburg's motion, indicating they did not object to the IHO issuing an order acknowledging Brownsburg's concession regarding C.B.'s

eligibility under the IDEA. They, however, believed "the IHO should make factual findings [regarding] . . . attorney's fees." Attached to the parents' response was a proposed order which included language explicitly labeling the parents as the "prevailing party" of the administrative proceedings.

The parties submitted additional motions contemplating how various other aspects of the administrative process should be resolved, but on July 16, 2020, the IHO denied all pending motions and vacated the hearing that was scheduled for July 20, 2020. The IHO expressed frustration with the slew of filings and declined to "go down that rabbit hole," instead leaving it to the parties to sort through the remaining logistical issues:

> The hearing dates will be vacated to give counsel an opportunity to decide among themselves whether or not they agree. This includes provisions for attorney fees over which this hearing officer has no jurisdiction.

Admin. R. at HR 035 2020 AR 0183, ECF No. 24-1.

### D. Finding of Eligibility by Independent Hearing Officer

About two weeks later, on July 30, 2020, the IHO issued a Finding of Eligibility and Order to Convene Case Conference Committee. The IHO reiterated her frustration with how the parties handled this matter, observing that C.B. had not benefited from the back and forth. The IHO did however note that:

> One bright spot of clarity is that the parties have agreed that the student is eligible for special

education under Article 7,[1] at least in the areas
of Emotional Disability and Other Health Im-
pairment. This hearing officer has sufficient in-
formation before her to concur and adopt that
agreement as fact.

Admin. R. at HR 035 2020 AR 0065, ECF No. 24-1. The IHO
continued:

With that fact being established, it is essential
that [C.B.] begin receiving services as soon as
possible.

. . . .

It is found to be a fact that [C.B.] has an Emo-
tional Disability and Other Health Impairment
as defined under Article 7.

As a matter of law, [C.B.] is entitled to Special
Education Services.

. . . .

It is therefore ordered: . . . [C.B.] shall begin re-
ceiving services as soon as appropriate arrange-
ments can be made to implement [an IEP], but
in no event, later than August 26, 2020.

---

[1] Article 7 refers to Indiana's special education rules promulgated in
the Indiana Administrative Code at 511 IAC 7-32 through 7-49. Note that
the IDEA is a federal "law that makes available free appropriate public
education to eligible children with disabilities throughout the nation and
ensures special education and related services to those children." *About
IDEA*, IDEA: Individuals with Disabilities Education Act,
https://sites.ed.gov/idea/about-idea/. Article 7 contains Indiana's rules on
how to determine whether a child is eligible for special education services.

*Id.* at 0065-66.

## E.  Dismissal of the Petitions

After the parties held another Case Conference Committee and corresponded over the development of C.B.'s IEP, C.B.'s parents filed a Motion for Prehearing Conference to Resolve Pending Issues. The IHO ultimately denied the motion, stating that (1) she was not "inclined to address any further motions from the parties other than one for dismissal," and (2) the motion did not identify exactly what issues necessitated a prehearing. The IHO assumed that the motion was an attempt to get her "to make some judgment regarding the [IEP]" that the parties were developing, but the IHO reiterated that she "has refused and continues to refuse to make a final ruling as to what is appropriate for [C.B.] that is not based on actual evidence." The IHO concluded that if C.B.'s parents ultimately do not believe that the finalized IEP is appropriate for C.B., then they can submit a request to the Indiana Department of Education for a separate due process hearing on that issue.

On August 30, 2020, the IHO dismissed the petitions.

## F.  C.B.'s Parents File Suit Seeking Attorney's Fees

On September 25, 2020, C.B.'s parents sued Brownsburg for attorney's fees pursuant to the IDEA's fee-shifting provision which allows fees to be awarded to prevailing parties in administrative proceedings. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I). The parties subsequently filed cross-motions for summary judgment.

The district court granted summary judgment for Brownsburg, explaining that only one question is relevant when determining prevailing party status: Did C.B.'s parents secure a

"material alteration of the legal relationship between the parties" through the IHO's order? The district court answered in the negative because the "IHO's Eligibility Finding and order ultimately dismissing the administrative proceeding simply acknowledged [Brownsburg's] Stipulation but did not require that [Brownsburg] do anything it had not already agreed to." C.B.'s parents now appeal.

## II

"We review de novo a district court's decision on cross motions for summary judgment, construing all facts and drawing all reasonable inferences in favor of the party against whom the motion under consideration was filed." *Hess. v. Bd. of Trs.*, 839 F.3d 668, 673 (7th Cir. 2016).

Section 1415 of the IDEA provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). This means the availability of attorney's fees for C.B.'s parents hinges on whether they should be classified as the prevailing party of the administrative proceeding before the IHO.

The Supreme Court defines a prevailing party as "one who has been awarded some relief by a court." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id*. at 604 (citation omitted). However, a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to

achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" to characterize the plaintiff as the prevailing party. *Id.* at 605.

Here, Brownsburg filed a Stipulation in which it "agreed to provide every student-related remedy set out in [C.B.'s parents'] due process request, as well as any post-filing demand(s)." Admin. R. at HR 035 2020 AR 0028, ECF No. 24-1. Both Brownsburg and the district court view the unilaterally-filed Stipulation as dispositive because the IHO's Eligibility Finding and subsequent order dismissing the administrative proceeding were, in their view, mere acknowledgements of Brownsburg's Stipulation. As they see it, nothing the IHO ordered materially altered the relationship between Brownsburg and C.B.'s parents.

Brownsburg even supplements the district court's rationale by pointing to the Code of Federal Regulations as additional evidence that C.B.'s parents cannot be considered the prevailing party. According to 34 C.F.R. § 300.306(c)(2), if "a determination is made that a child has a disability and needs special education and related services, an IEP must be developed for the child in accordance with" the requirements and regulations as outlined by the Code of Federal Regulations. From this, Brownsburg reasons that the moment it agreed that C.B. was eligible for special education services, Brownsburg became legally bound to develop and implement an appropriate IEP for C.B. Thus, Brownsburg argues, the material change in the legal relationship between the parties happened *before* the IHO issued its Finding of Eligibility and related orders, making C.B.'s parents ineligible for prevailing party status.

We conclude that Brownsburg and the district court place too much weight on the Stipulation. There is nothing in the record to suggest that the Stipulation filed by Brownsburg was binding. In fact, the Stipulation's concluding paragraphs specifically state: "[Brownsburg] points out that these stipulations were made in an extreme effort to resolve this case short of an administrative hearing. Although [Brownsburg] *does not agree*, they are *willing to offer* these stipulations *to be ordered* and resolve the case." Admin. R. at HR 035 2020 AR 0383, ECF No. 24-2 (emphasis added). First, Brownsburg says it "does not agree" with these stipulations, indicating that no formal determination on C.B.'s disability status and eligibility for special education services had been made. The argument that Brownsburg advances based on 34 C.F.R. § 300.306(c)(2) necessarily fails because that regulation is triggered by a determination of a child's disability status and need for special education services. Second, Brownsburg's Stipulation was "offer[ed] . . . to be ordered"—as in its terms had *yet* to be ordered. Everything in the Stipulation was conditioned on acceptance of the offer by C.B.'s parents that they ultimately, and unequivocally, declined.

It was not until the IHO issued its Finding of Eligibility that the legal relationship between C.B.'s parents and Brownsburg was materially altered. Again, the IHO "found to be a fact that [C.B.] has an Emotional Disability and Other Health Impairment as defined under Article 7. As a matter of law, [C.B.] is entitled to Special Education Services." Admin. R. at HR 035 2020 AR 0066, ECF No. 24-1. This was the first time Brownsburg was found to have a legal obligation to provide C.B. with special education services. Therefore, C.B.'s parents are the prevailing party of the administrative proceedings before the IHO.

Today we hold only that attorney's fees *could* be awarded to C.B.'s parents—we express no opinion on whether they *should* be. Recall that the IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The district court will determine whether to exercise that discretion and, if so, to what degree.

REVERSED and REMANDED.